# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-2016V

```
* * * * * * * * * * * * * * * * * * * * * * * *
CLARENCE PEACOCK,                  *
                                   *      UNPUBLISHED
                                   *
              Petitioner,          *      Filed: September 6, 2024
                                   *
       v.                          *
                                   *
SECRETARY OF HEALTH AND            *
HUMAN SERVICES                     *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jessica Anne Olins*, Maglio Christopher & Toale, Seattle, WA, for Petitioner.
*Ryan Pohlman Miller*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 20, 2023, Petitioner Clarence Peacock filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Mr. Peacock alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on November 24, 2020. Petition, ECF No. 1.

On June 4, 2024, Respondent filed a Rule 4(c) Report ("Respondent's Report"), stating that "petitioner has satisfied all legal prerequisites for compensation under the Act." Respondent's Report at 8, ECF No. 18.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 17, 2024, the special master previously assigned to this case issued a ruling on entitlement in light of Respondent's position and the evidence on the record. ECF No. 19.

On August 13, 2024, this case was reassigned to me. ECF No. 27.

Respondent filed a proffer on September 5, 2024 (ECF No. 31), agreeing to issue the following payment:

A lump sum payment of **$100,785.71** for all damages, paid in the form of a check to Petitioner, Clarence Peacock.

This amount encompasses all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt Respondent's proffer attached hereto and award compensation in the amount and on the terms set forth therein. I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Jennifer A. Shah**</u>
Jennifer A. Shah
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.